IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John D. Lisotto,               ) | Civil Action No.: 3:13-2407-MGL |
|                                ) | |
| Plaintiff,    ) | |
|                                ) | |
| vs.                            ) | **ORDER** |
|                                ) | |
| New Prime, Inc., d/b/a Prime Inc., ) | |
|                                ) | |
| Defendant.    ) | |
| _____ ) | |

On September 5, 2013, Plaintiff John D. Lisotto ("Plaintiff") filed this action against New Prime, Inc. ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") (ECF No. 1). On October 7, 2013, Defendant moved to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (ECF No. 6). Plaintiff filed a Response in Opposition on November 25, 2013, (ECF No. 12), and Defendant filed a Reply on December 5, 2013. (ECF No. 13).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 22, 2014, the Magistrate Judge prepared a Report and Recommendation ("Report"), (ECF No. 21), recommending that Defendant's Motion to Dismiss be granted and that the Complaint be dismissed. The Magistrate Judge's Report did not offer a recommendation as to whether the ultimate dismissal of the matter should be with or without prejudice.[1] Plaintiff filed an Objection to the Report on

---

[1] The Magistrate Judge did separately provide in Footnote 2 of the Report that Plaintiff's then-pending Motion to Amend, (ECF No. 14), be denied *without prejudice* so as to afford Plaintiff an opportunity to pursue proposed additional claims in state court. It must be emphasized that this conclusion is a separate Order of the Magistrate Judge that stands apart from the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss, a dispositive motion that is subject to automatic review by this Court.

August 1, 2014. (ECF No. 22). Defendant filed its own Objection on August 8, 2014. (ECF No. 23). In addition, both parties filed responses to their opponents' objections. (ECF Nos. 24 and 25). The matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report, the Defendant's Objection and, in particular, the Plaintiff's Objection, in which Plaintiff objects, chiefly, to the Magistrate Judge's determination that the administrative procedures set out in 49 C.F.R. § 391.47 were applicable to Plaintiff's pursuit and denial of DOT medical clearance and, consequentially, that Plaintiff was required to exhaust those procedures prior to bringing this ADA action. (ECF No. 22). Plaintiff maintains that the circumstances by which he was denied employment with Defendant on the basis of amphetamine use and/or a putative narcolepsy condition do not fall within the "conflict of medical evaluations" scenario contemplated by 49 C.F.R. § 391.47. *Id.*

The Court has carefully reviewed the Magistrate Judge's analysis of this key question and agrees with the determination of the Magistrate Judge that the circumstances outlined in Plaintiff's Complaint fall within the range of scenarios contemplated by the language of the governing regulation. According to the language of § 391.47(b)(2), the conflict of medical evaluations scenario arises whenever there is a "disagreement" between the "physician for the driver" and the "physician for the motor carrier" about the driver's "qualifications." Here, as the Magistrate Judge sets out, it is undisputed that a "disagreement" arose between Plaintiff's doctor and at least one of Defendant's doctors regarding Plaintiff's qualifications to serve as a company driver, in light of Plaintiff's amphetamine use and/or putative narcolepsy condition. (ECF No. 21 at p. 5) *See also* ECF No. 1 at ¶¶s 16-20, 22-27.

In crediting the Magistrate Judge's analysis and overruling the Defendant's Objection on this ground, the Court is particularly persuaded by the Magistrate Judge's reliance on *Harris v. P.A.M. Transport, Inc.*, in which the Court of Appeals for the Eight Circuit rejected the argument of the plaintiff-driver that DOT administrative procedures did not apply to his situation merely because the relevant medical conflict was not between a single, personal physician for the driver and a single, in-house physician for the employer–the most basic scenario contemplated by the language of § 391.47(b)(2)–but rather was between a third party contractor's physician and the employer's in-house physician. 339 F.3d 635, 639 (8th Circuit 2003).

Indeed, the Court looks to the reasoning of *Harris* more broadly in arriving at its conclusion that exhaustion of administrative procedures was properly required on these facts. As the *Harris* court noted: "The DOT is charged with and is much better equipped to handle resolution of disputes over a driver's medical qualifications and can do so far more expertly and efficiently than a

reviewing court." 339 F.3d at 638. In the instant case, a controversy arose as to whether Plaintiff, an individual who at very least at one time suffered from a diagnosed medical disorder whose treatment included the proscribing of amphetamines, was nonetheless medically qualified to work as a commercial truck driver. The Court agrees with the reasoning of the *Harris* court that the DOT is the body best equipped to pass upon a controversy of this sort, at least in the first instance. *See also Campbell v. Federal Exp. Corp.*, 918 F.Supp. 912, 919 (D. MD. 1996) ("The doctrine of primary jurisdiction also persuades this Court that...DOT should have an opportunity to decide whether the applicable DOT regulations were correctly interpreted and applied.").

Based upon the foregoing, the Court accepts in substantial part the Report of the Magistrate Judge, (ECF No. 21), adopting the Magistrate Judge's recommendation that Defendant's Motion to Dismiss be granted on the basis that Plaintiff failed to exhaust the administrative procedures outlined at 49 C.F.R. § 391.47 prior to bringing this litigation and that this failure is not excusable on any legal basis including futility or lack of an adequate remedy. Defendant's Rule 12(b)(6) Motion to Dismiss, (ECF No. 6), is therefore **GRANTED** on this basis.

In light of this conclusion, the Court need not reach the Magistrate Judge's alternative recommendation that Defendant's motion be granted on the basis that Plaintiff cannot as a matter of law meet a required element of his claim. This decision in no way reflects the Court's view as to the correctness of that recommendation.

Finally, although the Court grants dismissal in this case, the Court is not prepared on the record before it and, especially, in view of the rationales supporting the exhaustion requirement in the first instance, to award Defendant a dismissal with prejudice. Plaintiff's Complaint is therefore **DISMISSED** *without prejudice* to re-file if and when the questions related to Plaintiff's physical

qualifications are first passed upon pursuant to the administrative procedures set out at 49 C.F.R. § 391.47(b)(2).

    **IT IS SO ORDERED.**

<u>s/Mary G. Lewis</u><br>
United States District Judge

Spartanburg, South Carolina<br>
August 28, 2014